# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| ARGELIA SOTO | § |
| | § |
| v. | §   SA-10-CV-825-XR |
| | § |
| THE BOEING COMPANY, et al. | § |

## ORDER

On this day came on to be considered Defendant's motion for summary judgment (dkt. no. 15).

### Background

Plaintiff initially filed this employment dispute on August 30, 2010 in state court. Plaintiff, a Texas resident, alleged in her state court Original Petition that her former employer, (Boeing Company) and two employees discriminated against her because of her sex, her national origin (Mexico) and her age in violation of Texas Labor Code §§21.051, et seq. She also brought a claim of retaliation under Texas law. In paragraph IX of her original petition, she brought claims of defamation, conspiracy and intentional infliction of emotional distress. These claims were asserted against her former supervisor Daniel DeLeon and a former co-employee, Roland Vasquez.

Defendants removed the case on October 12, 2010 to this court asserting that this Court had diversity jurisdiction. Defendants asserted in their notice of removal that although the two individuals were Texas residents, they were improperly joined in the lawsuit in an improper attempt to defeat diversity jurisdiction. Plaintiff never filed a motion to remand the case.

On March 2, 2011, Plaintiff included a reference in her first amended complaint that "there are multiple parties, including Texas residents and the claims are only claims under Texas law" and that she did not agree that jurisdiction existed in this Court. On November 1, 2011, Defendant filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims.

Again, Plaintiff has never sought remand of this case and Defendants did not respond to Plaintiff's questioning of jurisdiction. Because this Court has an independent duty to ensure that it has jurisdiction, we turn to this issue first.

### Improper Joinder Doctrine

Improper joinder is a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). To establish improper joinder, the removing party bears the burden of showing the plaintiff's inability to "establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). To do so, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Only the second method is at issue here.

"Using this second method of establishing improper joinder, the test is 'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.' *Id.* The district court 'may conduct a Rule 12(b)(6)-type analysis' to decide whether the plaintiff has a reasonable basis for recovery under state law. *Id.* The court may also 'pierce the pleadings' in the cases in

which the 'plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.' *Id.* In these cases, the court may conduct a summary inquiry, but 'only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant.' *Id.* at 573–74. The en banc Court in *Smallwood* cautioned that this is a "simple and quick" inquiry, and that the 'motive or purpose of the joinder of in-state defendants is not relevant.' *Id.* at 574." *Kemp v. CTL Distribution, Inc.*, 440 Fed. Appx. 240, 244 (5th Cir. 2011). *See also Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242 (5th Cir. 2011).

Tex. Labor Code claims

In their removal notice, Defendants demonstrated that there is no possibility of recovery by the plaintiff against the individual defendants for the discrimination and retaliation claims. Texas Labor Code Section 21 claims asserting discrimination or retaliation may not be asserted against individual supervisors or co-employees. *Williams v. Merck & Co., Inc.*, 381 Fed. Appx. 438, 440 (5th Cir. 2010).

Defamation and Conspiracy Claims[1]

In paragraph IX of her original petition, Plaintiff alleged that Vasquez and DeLeon "published a statement of fact that the Plaintiff committed a physical assault against Vasquez" and the statement was defamatory and false and "based on a conspiracy between Defendant Vasquez and Defendant DeLeon." In paragraph V of the petition, Plaintiff detailed facts allegedly in support of her petition. She stated that on April 2, 2010 she was escorted to the Human Resources office and told that she was being placed on suspension pending an investigation into a claim that she assaulted

---

[1]The Court notes that Plaintiff initially pled an intentional infliction of emotional distress claim, but Plaintiff has conceded in discovery that this was not a viable claim under existing Texas law and her attorneys admitted that including this claim was an error.

a co-worker.  Plaintiff states she was "shocked and couldn't believe that Defendant Vasquez would falsely accuse her of violence." Plaintiff also stated that she "believed that [Vasquez] conspired with Defendant DeLeon to create the false story and accusation."

Defendants argued in their notice of removal that Plaintiff failed to state a claim for defamation.  Namely, Plaintiff failed to plead which Defendant allegedly published any defamatory statement, to whom and when.

The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

This Court agrees that Plaintiff failed to adequately plead her conspiracy claim and failed to adequately plead a defamation claim against her supervisor DeLeon.  However, with regard to the defamation claim against Vasquez, that issue is much more complex.   In making an improper joinder inquiry, the court must resolve all contested issues of fact in favor of the plaintiff and look only for a possibility that the plaintiff may prevail.  *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003).  As recognized in *Smith v. Shred-It USA*, 2010 WL 3733907 (N.D. Tex. 2010), a statement is published even if it is only made to another employee or manager.  Although Plaintiff's pleading are not as precise as hoped for, Plaintiff did plead that Vasquez published a statement that she assaulted him.  She pled that this was a false statement.  It can be reasonably inferred from the petition that the statement was published between March 25, 2010 (the date of the alleged confrontation) and April 2, 2010.  Although it is not completely clear who Vasquez published the statement to, it is clear that the statement was eventually received by the company's human resources

department.[2]  Plaintiff pled that the statement was made with malice.

## Conclusion

There was a reasonable basis for the court to predict at the time of removal that Plaintiff might be able to recover on her defamation claim against Vasquez.  Accordingly, the doctrine of "improper joinder" did not apply and removal on the basis of diversity jurisdiction was not available.  This case is remanded to County Court at Law No. 7, Bexar County, Texas pursuant to 28 U.S.C. §§1447(c),(d) because this Court lacks subject matter jurisdiction.  All pending motions are dismissed as moot.

It is so ORDERED.

SIGNED this 13th day of February, 2012.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2]This case differs from *Rawlings v. Travelers Property Cas. Ins. Co.*, 2008 WL 2115606 (N.D. Tex. 2008).  In *Rawlings*, that Court found that "Plaintiff's petition does not provide a reasonable basis for predicting recovery against Defendant Finnelly on her defamation claim.  Plaintiff's petition does not identify the content or character of any specific defamatory statements or the time or place of such statements.  In addition, Plaintiff has not alleged that Finnelly made any statements to a third-party or otherwise published the statements forming the basis of her claim.  The Court cannot reasonably infer from the bare-bones pleading of this claim that any allegedly defamatory statements were published to a third party such that Plaintiff can recover on her defamation/slander claim against Finnelly."